UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
WELLS FARGO ADVISORS, LLC,    :

              :

       Petitioner,  :   REPORT AND

              :   RECOMMENDATION

   -v.-

              :   15 Civ. 1139 (PAC) (GWG)

MARK P. SOLIMAN,

              :

       Respondent.  :
---------------------------------------------------------------x
**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

   Petitioner Wells Fargo Advisors, LLC ("Wells Fargo") brought this action against pro se

respondent Mark P. Soliman to confirm an arbitration award and enter judgment in its favor

under Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA").[1]  For the

following reasons, Wells Fargo's petition to confirm the arbitration award should be granted.

I.  BACKGROUND

   The following facts are largely taken from Wells Fargo's petition, whose allegations are

made under oath.  None has been disputed by Soliman.

   Wells Fargo is a broker-dealer licensed to sell securities by the Financial Industry

Regulatory Authority ("FINRA").  Pet. ¶ 2.  Soliman is a former employee of Wells Fargo and

agreed to submit all disputes relating to his employment to arbitration, "both in a contractual

---

[1]  See Verified Petition to Confirm an Arbitration Award, dated Feb. 12, 2015 (Docket
# 1) ("Pet."); Affidavit of Jamie L. Helman in Support of Verified Petition to Confirm an
Arbitration Award, dated Feb. 12, 2015 (Docket # 9) ("Helman Aff."); Petitioner's
Memorandum of Law in Support of the Verified Petition to Confirm an Arbitration Award, dated
Feb. 12, 2015 (Docket # 10); Response, dated Feb. 26, 2015 (Docket # 4) ("Resp."); Petitioner's
Reply Memorandum of Law in Further Support of the Verified Petition to Confirm an
Arbitration Award, dated Mar. 30, 2015 (Docket # 6).

agreement with [Wells Fargo] and also when he became a registered person in the securities industry." Id. ¶ 5.

Soliman was employed by Wells Fargo at its branch office located in White Plains, New York. Id. ¶ 7. On February 2, 2012, Wells Fargo loaned Soliman $153,419.00, and Soliman signed a promissory note, dated that same day, which governed the terms of the loan. Id. ¶ 8. On March 8, 2013, Soliman voluntarily resigned from his employment with Wells Fargo. Id. ¶ 9. On March 13, 2013, Wells Fargo sent a demand letter to Soliman requesting that he abide by the terms of the promissory note and repay Wells Fargo the amount owed. Id. Soliman declined to repay the amount owed to Wells Fargo. Id. As of October 1, 2013, the amount owed by Soliman to Wells Fargo was $145,329.21, per the terms of the promissory note. Id.

On October 23, 2013, Wells Fargo filed an arbitration claim with FINRA — case number 13-03175 — pursuant to both an arbitration clause contained in the promissory note and a Form U-4 application Soliman signed when he joined Wells Fargo. Id. ¶ 10; see FINRA Dispute Resolution Award, dated Nov. 12, 2014 (annexed as Ex. A to Helman Aff.) ("Award"), at 1. The claim sought damages of $145,329.21 plus accrued interest at the rate of 4.17% per annum from March 8, 2013 to the date of payment, post-hearing interest at the rate of 9% per annum for any award not paid 30 days after the date of the award, costs, attorney's fees, and any further relief deemed just and proper. Award at 1. On February 6, 2014, Soliman filed an answer to the arbitration claim, which included a signed Uniform Submission Agreement in which he agreed to participate in the FINRA arbitration, to be bound by the findings of the arbitration panel, and to consent to the entry of a judgment of any award issued by the panel. See id.; Pet. ¶ 11.

On October 21, 2014, a hearing was conducted before an arbitrator in New York, New York. Pet ¶ 12; Award at 1. Soliman appeared pro se. Pet. ¶ 12. The Award, dated November

2

10, 2014, found Soliman liable to Wells Fargo for compensatory damages in the amount of

$145,329.21 with interest at the rate of 4.17% per annum from March 8, 2013 until the Award is

paid in full.  Award at 2.  In addition, the arbitrator awarded Wells Fargo attorney's fees in the

amount of $21,993.00 and costs in the amount of $533.00, id., bringing the total award to

$167,855.21 plus accrued and accruing interest.  The Award was served by FINRA on the parties

on November 12, 2014.  Pet. ¶ 12; Award at 4.  On February 13, 2015, Wells Fargo filed the

instant petition.  See Pet.

II.      LAW GOVERNING PETITIONS TO ENFORCE ARBITRAL AWARDS

      Section 9 of the FAA provides, in pertinent part:

> If the parties in [an arbitration] agreement have agreed that a judgment of the
> court shall be entered upon the award made pursuant to the arbitration, and shall
> specify the court, then at any time within one year after the award is made any
> party to the arbitration may apply to the court so specified for an order confirming
> the award, and thereupon the court must grant such an order unless the award is
> vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If
> no court is specified in the agreement of the parties, then such application may be
> made to the United States court in and for the district within which such award
> was made.

9 U.S.C. § 9.  In reviewing an arbitration award, a federal district court "can confirm and/or

vacate the award, either in whole or in part."  D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95,

104 (2d Cir. 2006) (citation omitted).  However, "[t]he role of a district court in reviewing an

arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally

accorded great deference under the [FAA].'"  Kolel Beth Yechiel Mechil of Tartikov, Inc. v.

YLL Irrevocable Trust, 729 F.3d 99, 103 (2d Cir. 2013) (quoting Tempo Shain Corp. v. Bertek,

Inc., 120 F.3d 16, 19 (2d Cir. 1997)).  "This deference promotes the twin goals of arbitration,

namely settling disputes efficiently and avoiding long and expensive litigation.  Consequently,

the burden of proof necessary to avoid confirmation of an arbitration award is very high, and a

district court will enforce the award as long as there is a barely colorable justification for the outcome reached." Id. at 103-04 (internal citations and quotation marks omitted).

"Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . .'" D.H. Blair, 462 F.3d at 110 (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).  A petition to confirm should be "treated as akin to a motion for summary judgment based on the movant's submissions." Id. at 109.  While in some instances, parties move for summary judgment to obtain confirmation of an arbitral award, proceeding by summary judgment motion is not required.  The FAA provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.  Thus, "[u]nder the FAA, the petition itself should be treated as a motion to confirm the award." In re Certain "Default" Motions Brought o/b/o Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Coop., Pension & Welfare Funds, 2015 WL 968125, at *5 (E.D.N.Y. Feb. 27, 2015) (citing 9 U.S.C. § 6); see also id. ("[A] petition represents the procedural device that should be used to resolve these cases.") (footnote omitted).  "Therefore, a court may decide the merits of a petition to confirm or vacate an arbitration award based solely on the papers submitted by the parties in support of their motions." Companion Prop. & Cas. Ins. Co. v. Allied Provident Ins., Inc., 2014 WL 4804466, at *2 (S.D.N.Y. Sept. 26, 2014) (citations and internal quotation marks omitted).  Indeed, courts commonly adjudicate petitions to confirm arbitral awards based solely on the petition, any accompanying papers, and any response.  See, e.g., NS United Kaiun Kaisha, Ltd. v. Cogent Fibre Inc., 2015 WL 4393060 (S.D.N.Y. July 14, 2015); TapImmune, Inc. v. Gardner, 2015 WL 4111881 (S.D.N.Y. July 8, 2015); Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. TNS Mgmt. Servs., Inc.,

2014 WL 100008 (S.D.N.Y. Jan. 10, 2014); <u>Szczepanek v. Dabek</u>, 2011 WL 846193 (E.D.N.Y.

Mar. 7, 2011), <u>aff'd</u>, 465 F. App'x 74 (2d Cir. 2012).  Here, the petition was accompanied by an

affidavit and a memorandum of law, Soliman was on notice of the basis for the petition to

confirm, and Soliman filed a response to the petition.  In light of the fact that a petition to

confirm an arbitration award is a "summary" proceeding, no further motion practice is required.

       "A reviewing court is required to grant a petition to confirm an arbitration award 'unless

the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10 and 11].'"

<u>TapImmune</u>, 2015 WL 4111881, at *3 (quoting 9 U.S.C. § 9) (alteration in original).  "A party

seeking to vacate an arbitration award 'bears the heavy burden of showing that the award falls

within a very narrow set of circumstances delineated by statute and case law.'"  <u>Mintz & Gold

LLP v. Battaglia</u>, 2013 WL 5297093, at *2 (S.D.N.Y. Sept. 17, 2013) (quoting <u>Duferco Int'l

Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003)). Section 10 of the

FAA sets forth four circumstances that justify vacating an award:

    (1) where the award was procured by corruption, fraud, or undue means;

    (2) where there was evident partiality or corruption in the arbitrators, or either of
them;

    (3) where the arbitrators were guilty of misconduct in refusing to postpone the
hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent
and material to the controversy; or of any other misbehavior by which the rights
of any party have been prejudiced; or

    (4) where the arbitrators exceeded their powers, or so imperfectly executed them
that a mutual, final, and definite award upon the subject matter submitted was not
made.

9 U.S.C. § 10(a).  Additionally, a court may set aside an arbitration award if it was rendered in

"'manifest disregard of the law' to such an extent that '(1) the arbitrators knew of a governing

legal principle yet refused to apply it or ignored it altogether and (2) the law ignored by the

arbitrators . . . [was] well defined, explicit, and clearly applicable.'" <u>Hardy v. Walsh Manning Sec., L.L.C.</u>, 341 F.3d 126, 129-30 (2d Cir. 2003) (omission and alteration in original) (quoting <u>DiRussa v. Dean Witter Reynolds Inc.</u>, 121 F.3d 818, 821 (2d Cir. 1997)); <u>accord</u> <u>Kerr v. John Thomas Fin.</u>, 2015 WL 4393191, at *4 (S.D.N.Y. July 16, 2015).

Under Section 11 of the FAA, a court "may make an order modifying or correcting the award":

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.

> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.  "Finally, a court may remand an award to an arbitrator if the award is so indefinite or ambiguous that the court does not 'know exactly what it is being asked to enforce.'" <u>Washington v. William Morris Endeavor Entm't, LLC</u>, 2014 WL 4401291, at *7 (S.D.N.Y. Sept. 5, 2014) (quoting <u>Ams. Ins. Co. v. Seagull Compania Naviera, S.A.</u>, 774 F.2d 64, 67 (2d Cir. 1985)).

Notably,"[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." <u>D.H. Blair</u>, 462 F.3d at 110 (citation and internal quotation marks omitted).  Even where "the arbitrators have not provided the grounds for their decision, the court need only find 'a barely colorable justification for the outcome reached' to confirm the award." <u>Mandell v. Reeve</u>, 2011 WL 4585248, at *3 (S.D.N.Y. Oct. 4, 2011) <u>aff'd</u>, 510 F. App'x 73 (2d Cir. 2013) (quoting

<u>Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union</u>, 954 F.2d 794, 797 (2d

Cir. 1992)) (internal quotation marks omitted).

III.    <u>DISCUSSION</u>

      Here, Wells Fargo meets all of the requirements of Section 9 of the FAA.  There is no

dispute that the parties entered into an arbitration agreement that allowed entry of an arbitration

award by this court, <u>see</u> Pet. ¶ 11; Award at 1, and that the Award to Wells Fargo was rendered

within the previous year, <u>see</u> Award at 4.  Nor does Soliman argue that any of the grounds for

vacatur or modification contained in 9 U.S.C. §§ 10 or 11 apply in this case.  Instead, Soliman's

response to the petition in its entirety states as follows:

> This is in response to the verified petition to confirm an arbitration award.
> FINRA, the same federal agency that rendered the award to Wells Fargo, has also
> dismissed the award with <u>a bona fide inability to pay</u>.  I have enclosed that
> dismissal for the court.
>
> Also, I have been in contact with Jamie Helman, attorney for the petitioner to try
> to reach a settlement agreement, [sic] that is reasonable as per my current
> financial situation.  As of yet, we have not come to any such settlement.  Wells
> Fargo's demand for payment or settlement plans have, so far, not been reasonable
> or realistic.
>
> Please see attached documentation . . . .

Resp. at 1 (emphasis and ellipsis in original).

      Soliman attaches a document entitled "Order Dismissing Proceeding," which states that

FINRA "Regulatory Operations" had moved to dismiss a "proceeding without prejudice because

it has determined that [Soliman] has demonstrated a bona fide inability to pay the arbitration

award that is the subject of this expedited proceeding."  Order Dismissing Proceeding, dated

Feb. 18, 2015 (annexed to <u>id.</u> at 2) ("Dismissal Order").  The Dismissal Order states that it is

granting the motion and dismissing the "proceeding" without prejudice.  <u>Id.</u>

Soliman would have the Court believe that the "proceeding" referred to in the Dismissal Order is the arbitration award against him. This is not correct, however. The "proceeding" referred to in the Dismissal Order is not the Award that Wells Fargo now seeks to confirm but a different proceeding. As explained in the motion to dismiss that proceeding, on January 20, 2015, FINRA Regulatory Operations issued a "notice of FINRA's intent to suspend [Soliman's] association with FINRA member firms pursuant to FINRA Rule 9554 . . . based on [Soliman's] failure to comply with the arbitration award issued in <u>Wells Fargo Advisors, LLC</u>, FINRA Dispute Resolution Arbitration Case No. 13-03175 . . . in the approximate sum of $167,855.21." Motion to Dismiss Proceeding Without Prejudice, dated Feb. 13, 2015 (annexed to Resp. at 4-5), ¶ 1. Following the exchange of "information and documentation demonstrating that [Soliman] currently has a bonafide [sic] inability to pay the Award," <u>id.</u> ¶ 4, FINRA Regulatory Operations requested that the proceeding to suspend Soliman — captioned as <u>Regulatory Operations v. Soliman</u>, Expedited Proceeding No. ARB150004, STAR No. 20150441579 — be dismissed without prejudice, <u>see id.</u> at 2.

Thus, the matter dismissed without prejudice in the Dismissal Order was not the Award but rather FINRA Regulatory Operations's efforts to suspend Soliman's association with FINRA member firms pursuant to FINRA Rule 9554. FINRA Regulatory Operations agreed to dismiss its application because of Soliman's inability to pay the arbitration award, <u>id.</u> ¶ 4, the validity of which is nowhere questioned in any of the documents Soliman attaches to his response.

To the extent Soliman's submission was meant to avoid confirmation based on his inability to pay the Award, that argument must be rejected. An inability to pay does not fall within the narrow set of circumstances that permit a court to refuse to enforce, vacate, or modify an arbitral award. Accordingly, Wells Fargo's petition to the confirm the Award should be

8

granted pursuant to 9 U.S.C. § 9.

IV.    CONCLUSION

For the foregoing reasons, Wells Fargo's petition to confirm the Award should be granted.

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Paul A. Crotty at 500 Pearl Street, New York, New York 10007.  Any request for an extension of time to file objections must be directed to Judge Crotty. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.  See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: August 4, 2015
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy sent to:

Mark P. Soliman
2 Colonial Parkway
Yonkers, NY 10710

9